**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 20-cv-408** |
| | ) | |
| **$56,471,329.88 IN PROCEEDS FROM THE SALE OF A BOND BELONGING TO AIRBUS SE** | ) | |
| | ) | |
| **Defendant.** | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

***COMES NOW***, plaintiff the United States of America (the "Government"), by and through the United States Attorney for the District of Columbia, pursuant to Title 18, United States Code, Section 981(a)(1)(C) to bring this verified complaint for forfeiture in a civil action *in rem* against $56,471,329.88, which represents the proceeds from the sale of one bond belonging to Airbus SE ("Defendant Property").

## NATURE OF ACTION AND THE DEFENDANT *IN REM*

1. This civil action *in rem* is brought against the Defendant Property to forfeit it to the United States as authorized by 18 U.S.C. § 981(a)(1)(C). Airbus SE transferred its property interest in the Defendant Property to the United States in conjunction with a Deferred Prosecution Agreement (DPA) entered into by the United States and Airbus SE.

2. By this complaint, the United States seeks forfeiture of all right, title, and interest in the Defendant Property, which Airbus SE has agreed is forfeitable to the United States as a result of its violations of the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778 et seq., and its implementing regulations, the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R.

§ 130.9.

3. Airbus SE has agreed that the facts contained in the related Information and Statement of Facts filed with the DPA are sufficient to establish that this Defendant Property is subject to civil forfeiture to the United States.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345, 1355.

5. Venue is proper within this judicial district pursuant to 28 U.S.C. §§ 1355(b), 1395(b) because acts or omissions which gave rise to the forfeiture occurred in this district.

## FACTS GIVING RISE TO FORFEITURE

### Background

6. Airbus SE was a publicly traded company on the Euro Stoxx 50 market with headquarters in Leiden, Netherlands. Airbus SE's main office was in Toulouse, France. Airbus SE was a holding company that operated worldwide through its subsidiaries and affiliated entities, including subsidiaries and affiliated entities that were located in the United States (collectively "Airbus" or the "Company"). Airbus had approximately 136,000 employees.

7. Airbus was founded in 2000 as the European Aeronautic Defence & Space Company NV ("EADS NV"). In or about January 2014, EADS NV changed its name to Airbus Group NV, and Airbus Group NV became the parent company. In or about May 2015, Airbus Group NV changed its name to Airbus Group SE, and Airbus Group SE became the parent company. In or about April 2017, Airbus Group SE changed its name to Airbus SE, and the defendant Airbus SE became the parent company. Airbus SE is the lawful successor-in-interest to EADS NV, Airbus Group NV, and Airbus Group SE.

8. During the relevant period, Airbus's business was organized into divisions. The structure changed and was progressively simplified over the period, but there were broadly three divisions: (i) the Commercial Division, which handled, among other things, the manufacture and sale of civilian aircraft to airlines; (ii) the Defence & Space Division, which handled, among other things, the manufacture and sale of military aircraft, satellites, unmanned aerial systems, and other products and services used by governmental agencies; and (iii) the Helicopters Division, which handled the manufacture and sale of helicopters and related equipment and services.

9. As set out in more detail in the Statement of Facts, attached as exhibit A and incorporated herein by reference, the AECA authorized the President to control, among other things, the export of defense articles deemed critical to the national security and foreign policy interests of the United States. By Executive Order 13637, the President delegated this authority to the United States Department of State, Directorate of Defense Trade Controls ("DDTC"), empowering DDTC to review and grant export licenses for the transfer or retransfer of defense articles and services identified on the United States Munitions List ("USML"). DDTC is located in the District of Columbia. Pursuant to its authority under AECA, DDTC promulgated the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120-130, which contained the USML. Accordingly, the export of USML defense articles and defense services is governed by the AECA and ITAR.

10. Airbus designed, manufactured, and sold certain products containing "defense articles" and furnished certain "defense services," as defined in 22 C.F.R. § 120.6 and 120.9, respectively, which were controlled by the AECA and ITAR. Generally, these products were sold by Airbus's Defence & Space and Helicopters divisions. Between on or about December 1, 2011, and continuing through on or about December 1, 2016 ("the relevant ITAR time period"), Airbus violated U.S. law related to the sale of ITAR controlled defense articles and furnishing of defense

services by:

a. Paying political contributions, fees, and commissions in association with the sale of ITAR-controlled defense articles or defense services and failing to report the same to the DDTC, as required by 22 C.F.R. § 130; and

b. Failing to keep records related to the sales of ITAR-controlled defense articles or defense services for a period of not less than five years, as required by 22 C.F.R. § 130.14.

11. Pursuant to the AECA, 22 U.S.C. § 2279, and the ITAR, 22 C.F.R. § 130.9, certain Applicants (as defined in 22 C.F.R. § 130.2) applying for export licenses were required to inform DDTC as to whether the Applicant or its Vendors (as defined in 22 C.F.R. § 130.8) had paid, offered, or agreed to pay political contributions, fees, or commissions in connection with the sale or transfer of a defense article or defense service. The purpose of this provision was to provide Executive Branch oversight of the sale of U.S. military technology and prevent "improper influence" in those sales. H.R. REP. 94-1144, 58, 1976 U.S.C.C.A.N. 1378, 1434. Under these provisions, for defense articles or defense services valued in an amount of $500,000 or more that are sold commercially to or for the use of the Armed Forces of a foreign country or international organization (as defined in 22 C.F.R. § 130.3), an Applicant must report to the DDTC any payments or agreements to pay (i) political contributions of $5,000 or more, and (ii) fees and commissions of $100,000 or more. 22 C.F.R. § 130.1, 2.

12. Airbus had knowledge of its requirements of ITAR Part 130. Airbus's willful violations of ITAR Part 130, were the result of several factors, including: Airbus's ongoing use of business partners in its sales of ITAR-controlled defense articles and defense services; willful efforts and reluctance by certain Airbus employees to prevent disclosure of the business partner relationships and payments; Airbus structuring the compliance function as separate and siloed

from business sales, and the export compliance function, which prevented accurate ITAR compliance; and Airbus failing to provide adequate training about ITAR Part 130 for its employees. As a result, with respect to Part 130, Airbus willfully failed to report or under-reported political contributions, fees, and commissions to the DDTC.

13. Had political contributions, commissions, and fees paid by Airbus been properly reported to the DDTC as part of Airbus's ITAR filings, such disclosure could have triggered oversight by DDTC and other agencies, including in the form of a referral by DDTC to law enforcement.

14. If the DDTC knew that Airbus willfully submitted applications that contained inaccurate or incomplete ITAR Part 130 certifications, the DDTC would not have approved the relevant license applications.

Vietnam Conduct

15. In or around 2009 through in or around 2014, Airbus attempted to sell C-295 military aircraft to the country of Vietnam, resulting in the sale of three C-295s during this period, all of which were subject to false ITAR Part 130 certifications. Senior Airbus executives from the Defence & Space Division were directly involved in the Vietnam C-295 sales campaign, as well as some involvement of executives from SMO International.

16. The aircraft contract between Airbus and the Vietnamese Ministry of Defense was signed on December 17, 2013, selling three C-295s. Airbus filed an ITAR license application with the DDTC for the transfer of the defense articles in these three C-295s to Vietnam, under license number GC 2015-14 (approved August 26, 2014). In that application, Airbus stated that the transaction met the requirements of 22 C.F.R. § 130.2 and asserted that Airbus and its Vendors had not paid, offered, or agreed to pay political contributions, fees, or commissions in connection with

the sale. The ITAR license application was signed by Airbus Export Compliance Employee 2, an export compliance manager at the Defence & Space subsidiary in Spain.

17. In fact, Airbus or its Vendors had paid, offered, or agreed to pay political contributions, fees, or commission in connection with these sale, in the amount of 6,150,226 Euros.

18. Organization 4 was a Hong Kong company doing business in Vietnam. Consultant 6, Consultant 7, and Consultant 8, all foreign nationals, were the controlling partners of Organization 4. Consultant 7 had long-standing personal connections with senior Vietnamese government officials as well as airline executives.

19. Organization 4 began working for Airbus in or around 2002. Organization 4 commenced work for Airbus on commercial aircraft campaigns based on an oral agreement. Later, between October 2002 and July 2014, Airbus entered into numerous agreements with Organization 4 related to sales campaigns for Airbus commercial, defense, and helicopter products. However, in general, most consultant agreements between Organization 4 and Airbus were entered into retrospectively, following the success of a particular sales campaign.

20. Airbus's relationship with Organization 4 was directly overseen by SMO International, including oversight by Airbus Executive 3. Specifically, an Airbus Executive reviewed and approved the contracts between Airbus Defence & Space and Organization 4. Consultant 6 was at times listed among the most-frequently used business partners for SMO International.

21. On December 20, 2013, after the sale of the C-295s to Vietnam was consummated, Airbus entered into an agreement by which it agreed to pay Organization 4 a success fee, equivalent to 6,150,226 Euros, in connection with the successful C-295 sales campaigns in Vietnam. Airbus paid at least 2,935,541 Euros under this agreement.

Tracing of Defendant Property

22. The proceeds of the 2013 C-295 sale to Vietnam are traced as follows:

a. Airbus's first date of receipt for the aircraft sale was on April 14, 2014 for 30,751,146 Euros. Airbus's last date of receipt for the aircraft sale was on May 17, 2015 for 14,833,837 Euros. Airbus received various interim payments between the first and last date of receipt to exceed 50,000,000 Euros in amount paid.

b. The payments were made to an Airbus Defence & Space, Spain ("Airbus D&S Spain") EUR bank account.

c. The Airbus D&S Spain EUR bank account was then swept as part of a zero balance automatic cash pooling policy into an Airbus SE EUR pooling account. Funds from other Airbus group entities were also paid into this pooling account.

d. This Airbus SE EUR pooling account was then used for the redistribution of funds to all relevant Airbus entities within the pooling agreement based upon their cash requirements at the time. Furthermore, those funds not required by other Airbus entities were then manually transferred into an Airbus SE EUR Master Pooling Account.

e. From the Airbus SE EUR Master Pooling Account, excess cash was invested into a money market fund or bonds (the "Investment Account") or manually transferred back to the Airbus SE EUR pooling account, should the operational need arise. The Investment Account is where a bond worth 50,000,000 Euros that commenced on April 16, 2014 is located.

23. On or about February 10, 2020, Airbus liquidated the bond in question, and then converted the proceeds of such sale from Euros into U.S. dollars. This sale and conversion yielded the $56,471,329.88, which represents the Defendant Property.

24. Airbus has agreed that the Defendant Property is property which constitutes

proceeds traceable to its violation of the AECA and the ITAR, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

**CLAIM FOR RELIEF**
**(18 U.S.C. § 981(a)(1)(C))**

25. The Government re-alleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26. Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, constituting or derived from proceeds traceable to a violation of AECA, is subject to forfeiture.

27. As a result, the Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) as property which constitutes proceeds traceable to Airbus's violation of the AECA and the ITAR.

**REQUEST FOR RELIEF**

***WHEREFORE***, the plaintiff United States of America prays that process issue to enforce the forfeiture of the *in rem* Defendant Property; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeited Defendant Property be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper, together with the costs and disbursements of this action.

Respectfully submitted,


JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

/s/ *Zia Faruqui*
DAVID B. KENT
D.C. Bar No. 482850
KAREN P.W. SEIFERT
NY Bar No. 4742342
ZIA FARUQUI
D.C. Bar No. 494990
Assistant U.S. Attorneys
MICHELLE A. ZAMARIN
Deputy Chief, Fraud
D.C. Bar No 474240
GREGG MAISEL
Chief, National Security
D.C. Bar No. 447902
U.S. Attorney's Office for
the District of Columbia
555 4th Street NW
Washington, D.C. 20530
202-252-7527
Karen.seifert@usdoj.gov

ROBERT ZINK
Chief, Fraud Section
Criminal Division

ELINA A. RUBIN-SMITH
Trial Attorney
NY Bar No. 4677548
VANESSA SISTI
Deputy Chief, FCPA Unit
FL Bar No. 0012147
CHRISTOPHER CESTARO
Chief, FCPA Unit
D.C. Bar No. 982224
Fraud Section
U.S. Department of Justice
1400 New York Avenue NW
Washington, D.C. 20005

JAY I. BRATT
Chief, Counterintelligence
and Export Control Section
National Security Division

DAVID LIM
Trial Attorney
PA Bar No. 313851
ELIZABETH CANNON
Deputy Chief
D. C. Bar No. 974755
Counterintelligence and
Export Control Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Suite 7700
Washington, D.C. 20530

**VERIFICATION**

I, Brent Talaga, a Special Agent with the Homeland Security Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by other law enforcement agents and that everything represented herein is true and correct.

Executed on this 12th day of February 2020.

*/s/ Brent Talaga*
Brent Talaga
Special Agent
Homeland Security Investigation

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| **v.** | **)** | **Civil Action No. 20-cv-408** |
| | **)** | |
| **$56,471,329.88 IN PROCEEDS FROM THE SALE OF A BOND BELONGING TO AIRBUS SE** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**WARRANT FOR ARREST *IN REM***

TO: THE UNITED STATES MARSHAL'S SERVICE AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS a Verified Complaint for Forfeiture *In Rem* has been filed in the United States District Court for the District of Columbia, on the 12th day of February, 2020, alleging that the above defendant properties are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C);

YOU ARE, THEREFORE, HEREBY COMMANDED to serve the defendant properties, thus bringing, within the jurisdiction of the Court, said defendant properties, more fully described as:

**$56,471,329.88 IN PROCEEDS FROM THE SALE OF A BOND BELONGING TO AIRBUS SE**

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed, unless, pursuant to Rule G(3)(c)(ii)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the defendant properties are in the government's possession, custody, or control.

Dated: February 12, 2020

____________________________
Clerk of the Court

By: ____________________________
Deputy Clerk

# CIVIL COVER SHEET

JS-44 (Rev. 5/12 DC)

**I. (a) PLAINTIFFS**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ____________
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**DEFENDANTS**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____________
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- O 1 U.S. Government Plaintiff
- O 3 Federal Question (U.S. Government Not a Party)
- O 2 U.S. Government Defendant
- O 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in This State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

O **A. *Antitrust***

**410 Antirust**

O **B. *Personal Injury/ Malpractice***

**310 Airplane**
**315 Airplane Product Liability**
**320 Assault, Libel & Slander**
**330 Federal Employers Liability**
**340 Marine**
**345 Marine Product Liability**
**350 Motor Vehicle**
**355 Motor Vehicle Product Liability**
**360 Other Personal Injury**
**362 Medical Malpractice**
**365 Product Liability**
**367 Health Care/Pharmaceutical Personal Injury Product Liability**
**368 Asbestos Product Liability**

O **C. *Administrative Agency Review***

**151 Medicare Act**

**Social Security**
**861 HIA (1395ff)**
**862 Black Lung (923)**
**863 DIWC/DIWW (405(g))**
**864 SSID Title XVI**
**865 RSI (405(g))**

**Other Statutes**
**891 Agricultural Acts**
**893 Environmental Matters**
**890 Other Statutory Actions (If Administrative Agency is Involved)**

O **D. *Temporary Restraining Order/Preliminary Injunction***

**Any nature of suit from any category may be selected for this category of case assignment.**

***(If Antitrust, then A governs)***

O **E. *General Civil (Other)*** **OR** O **F. *Pro Se General Civil***

**Real Property**
**210 Land Condemnation**
**220 Foreclosure**
**230 Rent, Lease & Ejectment**
**240 Torts to Land**
**245 Tort Product Liability**
**290 All Other Real Property**

**Personal Property**
**370 Other Fraud**
**371 Truth in Lending**
**380 Other Personal Property Damage**
**385 Property Damage Product Liability**

**Bankruptcy**
**422 Appeal 27 USC 158**
**423 Withdrawal 28 USC 157**

**Prisoner Petitions**
**535 Death Penalty**
**540 Mandamus & Other**
**550 Civil Rights**
**555 Prison Conditions**
**560 Civil Detainee – Conditions of Confinement**

**Property Rights**
**820 Copyrights**
**830 Patent**
**840 Trademark**

**Federal Tax Suits**
**870 Taxes (US plaintiff or defendant)**
**871 IRS-Third Party 26 USC 7609**

**Forfeiture/Penalty**
**625 Drug Related Seizure of Property 21 USC 881**
**690 Other**

**Other Statutes**
**375 False Claims Act**
**400 State Reapportionment**
**430 Banks & Banking**
**450 Commerce/ICC Rates/etc.**
**460 Deportation**
**462 Naturalization Application**
**465 Other Immigration Actions**
**470 Racketeer Influenced & Corrupt Organization**

**480 Consumer Credit**
**490 Cable/Satellite TV**
**850 Securities/Commodities/ Exchange**
**896 Arbitration**
**899 Administrative Procedure Act/Review or Appeal of Agency Decision**
**950 Constitutionality of State Statutes**
**890 Other Statutory Actions (if not administrative agency review or Privacy Act)**

| O G. *Habeas Corpus/ 2255* | O H. *Employment Discrimination* | O I. *FOIA/Privacy Act* | O J. *Student Loan* |
|---|---|---|---|
| **530 Habeas Corpus – General**<br>**510 Motion/Vacate Sentence**<br>**463 Habeas Corpus – Alien Detainee** | **442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)**<br><br>***(If pro se, select this deck)*** | **895 Freedom of Information Act**<br>**890 Other Statutory Actions (if Privacy Act)**<br><br>***(If pro se, select this deck)*** | **152 Recovery of Defaulted Student Loan (excluding veterans)** |
| **O K. *Labor/ERISA (non-employment)*** | **O L. *Other Civil Rights (non-employment)*** | **O M. *Contract*** | **O N. *Three-Judge Court*** |
| **710 Fair Labor Standards Act**<br>**720 Labor/Mgmt. Relations**<br>**740 Labor Railway Act**<br>**751 Family and Medical Leave Act**<br>**790 Other Labor Litigation**<br>**791 Empl. Ret. Inc. Security Act** | **441 Voting (if not Voting Rights Act)**<br>**443 Housing/Accommodations**<br>**440 Other Civil Rights**<br>**445 Americans w/Disabilities – Employment**<br>**446 Americans w/Disabilities – Other**<br>**448 Education** | **110 Insurance**<br>**120 Marine**<br>**130 Miller Act**<br>**140 Negotiable Instrument**<br>**150 Recovery of Overpayment & Enforcement of Judgment**<br>**153 Recovery of Overpayment of Veteran's Benefits**<br>**160 Stockholder's Suits**<br>**190 Other Contracts**<br>**195 Contract Product Liability**<br>**196 Franchise** | **441 Civil Rights – Voting (if Voting Rights Act)** |

**V. ORIGIN**

O **1 Original Proceeding** O **2 Remand from State Court** O **3 Remanded from Appellate Court** O **4 Reinstated or Reopened** O **5 Transferred from another district (specify)** O **6 Multi-district Litigation** O **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $** **JURY DEMAND:** Check YES only if demanded in complaint **YES** **NO**

**VIII. RELATED CASE(S) IF ANY** (See instruction) **YES** **NO** If yes, please complete related case form

**DATE:** ______________________ **SIGNATURE OF ATTORNEY OF RECORD** /s/Zia Faruqui

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

**VI.** CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should endure the accuracy of the information provided prior to signing the form.